**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4216-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAHIED A. ABDULLAH,

     Defendant-Appellant.

_____

Submitted October 11, 2018 – Decided November 30, 2018

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 07-01-0254.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Tiffany M. Russo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Shahied A. Abdullah, appeals from the February 21, 2017 order denying his petition for post-conviction relief (PCR) after an evidentiary hearing. On March 5, 2008, defendant was convicted of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and second-degree aggravated assault by eluding, N.J.S.A. 2C:12-1(b)(6), after being tried, in absentia, because he did not appear for trial. After petitioning the court to vacate his conviction and grant him a new trial for ineffective assistance of counsel, Judge Verna G. Leath, J.S.C., on December 20, 2016, granted defendant's request for an evidentiary hearing. Considering the testimony of defendant's trial counsel, the judge denied defendant's petition.

This appeal followed. Defendant raises the following issues on appeal:

POINT I

SINCE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL, THE DENIAL OF HIS PCR PETITION BY THE COURT WAS ERROR.

A. FAILURE OF TRIAL COUNSEL TO COMMUNICATE WITH CLIENT PRIOR TO TRIAL.

B. FAILURE OF TRIAL COUNSEL TO MOVE FOR A MISTRIAL, OBJECT OR OBTAIN A CURATIVE INSTRUCTION AFTER THE STATE'S IMPROPER COMMENTS ON DEFENDANT'S POST ARREST SILENCE.

Because we affirm for the reasons explained in the thorough written opinion of Judge Leath we need not fully re-address defendant's arguments, but we add the following comments. We reject defendant's argument he was denied effective assistance of trial and appellate counsel under the standard set forth in Strickland/Fritz. Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987). Defendant has not shown counsels' performances were insufficient because neither trial nor appellate counsel made "errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. Nor has defendant shown he was prejudiced by the deficient performance or that counsels' performances fell below objective standards of reasonableness. Id. at 687-88. Defendant's arguments to the contrary are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4216-16T2